UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                           Case No: 8:16-cv-2001-T-27AEP

SCOTT E. SERNEELS,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation submitted by the Magistrate Judge recommending that Plaintiff's Motion for Contempt (Dkt. 31) be granted and giving Defendant thirty (30) days from the date of this Order to provide responses to the outstanding discovery in aid of execution to avoid sanctions by incarceration. Defendant was personally served with the Report and Recommendation on November 9, 2017 by the United States Marshals Service (Dkt. 34). Neither party has filed objections and the time for doing so has expired.

A district court may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). In the absence of specific objections, there is no requirement that factual findings be reviewed *de novo*, and the court may accept, reject or modify, in whole or in part, the findings and recommendations. § 636(b)(1)(C); *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Legal conclusions are reviewed *de novo*, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x. 554, 556 (11th Cir. 2010) (citing *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982)); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

After conducting a careful and complete review of the findings, conclusions, and

recommendations, and giving *de novo* review to matters of law, the Report and Recommendation (Dkt. 33, attached to this Order) is **APPROVED** and **ADOPTED** as amended herein.

1) Plaintiff's Motion for Contempt (Dkt. 31) is **GRANTED**.

2) Pursuant to Federal Rule of Civil Procedure 45(g), the Defendant is in civil contempt and is sanctioned as follows: Scott E. Serneels is sentenced to **ten (10) days** in the custody of the United States Marshal. He may purge his jail sanction by providing the outstanding discovery responses to Plaintiff by **January 2, 2018**, failing which a warrant for his arrest will be issued. If Defendant complies within the applicable time period, Plaintiff shall file a notice of compliance as expeditiously as possible.

3) Within **ten (10) days**, Plaintiff shall serve a copy of this Order **and** the Interrogatories and Production in Aid of Execution on Scott E. Serneels in the manner by which process is served and file a notice of compliance.

**DONE AND ORDERED** this 29th day of November, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
Scott E. Serneels
7325 Forbes Road
Zephyrhills, FL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                  Case No. 8:16-cv-2001-T-27AEP

SCOTT E. SERNEELS,

    Defendant.
                                              /

## REPORT AND RECOMMENDATION

       Plaintiff initiated this action against Defendant seeking to recover outstanding student loan debts in an amount exceeding $6,000 (Doc. 1). Plaintiff alleged that demand had been made upon Defendant for payment of the indebtedness, but Defendant neglected and refused to pay. Subsequently, Defendant failed to answer the Complaint or otherwise appear in this action. As a result, Plaintiff moved for entry of a clerk's default (Doc. 6), which the Clerk subsequently entered (Doc. 7). Following entry of the clerk's default, Plaintiff moved for entry of a default judgment (Doc. 8). Upon consideration, the Court entered judgment in favor of Plaintiff and against Defendant and closed the case (Doc. 9, 10).

       After entry of the judgment, Plaintiff sent discovery to Defendant to aid in execution of the judgment. According to Plaintiff, Defendant failed to respond to the interrogatories and requests for production in aid of execution. Accordingly, Plaintiff filed its amended motion to compel (Doc. 15), requesting that the Court compel Defendant to respond to the outstanding discovery in aid of execution and impose sanctions upon Defendant. After consideration, the Court issued an Order to Show Cause (Doc. 17), directing Plaintiff to serve a copy of the Order upon Defendant within 10 days and scheduling a show cause hearing, at which Defendant was

directed to appear and show cause as to why sanctions should not be imposed against him for failure to respond to Plaintiff's discovery requests. In the Order, the Court informed Defendant that compliance with Plaintiff's requests for discovery prior to the hearing would lead to cancellation of the hearing and no sanctions would issue. In addition, the Court warned Defendant that, if he failed to appear at the hearing, the Court would issue sanctions, which could include issuance of a warrant for his arrest and commencement of the civil contempt process.

The Court conducted an initial show cause hearing on March 24, 2017. During the initial hearing, Defendant failed to appear, but Plaintiff informed the Court that, although it served a copy of the Court's prior Order upon Defendant, it did not serve a copy of the Court's prior Order within the allotted time period. Given the failure to serve a copy of the Court's prior Order in the time allotted, the Court entered a second Show Cause Order (Doc. 20) and again directed Plaintiff to serve a copy of the Court's Order and file a notice of service with the Court, scheduled a second show cause hearing, and discharged the Court's prior Order. Additionally, the Court reminded Defendant that compliance with Plaintiff's discovery requests prior to the hearing would obviate the need for sanctions but that failure to appear at the hearing could lead to the imposition of sanctions, including issuance of a warrant for his arrest and commencement of the civil contempt process.

The Court subsequently conducted the second show cause hearing on April 28, 2017, at which Defendant again failed to appear. Plaintiff informed the Court that it mailed the second Order to Show Cause to Defendant, and, indeed, the certificate of service indicates that Plaintiff only mailed a copy of the Court's second Show Cause Order to the last known address of Defendant in Plant City (Doc. 21). Upon questioning by the Court, Plaintiff could not definitively demonstrate that Defendant personally received a copy of the Court's second Show

Cause Order.  Accordingly, given the severity of the proposed sanctions, the Court directed Plaintiff to serve a copy of the third Show Cause Order upon Defendant within 14 days and then promptly file a notice of service with the Court demonstrating that Defendant was personally served or providing supporting evidence indicating the basis for serving Defendant at a particular address (Doc. 25).  Again, the Court reiterated to Defendant that compliance would prevent the imposition of sanctions but that his failure to appear at the hearing would lead to the issuance of sanctions, which could include issuance of a warrant for his arrest and commencement of the civil contempt process.

Plaintiff then filed its notice of service, indicating that a process server delivered a copy of the Order to Defendant's wife at Defendant's address in Zephyrhills, Florida (Doc. 26).  The Court subsequently conducted the third show cause hearing on June 7, 2017.  As with the prior show cause hearings, Defendant failed to appear.  During the hearing, the Court acknowledged the repeated attempts to ensure Defendant's receipt of the Court's Orders and repeated attempts to obtain his compliance.  Given Defendant's failure to appear or comply with the Court's Orders, Plaintiff requested that the Court enter an order holding Defendant in contempt and arresting him if he did not comply with the Court's subsequent Order within 30 days of issuance.

To that end, following the hearing, Plaintiff filed its Motion for Contempt (Doc. 31).[2] By the instant motion, Plaintiff asks the Court to hold Defendant in contempt for failing to comply with the Court's Orders.  Civil contempt, as opposed to criminal contempt, provides courts with a sanction to enforce compliance with an order of the court or to compensate a complainant for losses or damages sustained by reason of noncompliance.  *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949) (citations omitted); *cf. Mercer v. Mitchell*,

---

[2] The district judge referred the motion to the undersigned for issuance of a report and recommendation (Doc. 32), and the facts herein are certified for that purpose.

908 F.2d 763, 768 (11th Cir. 1990) ("Every civil contempt proceeding is brought to enforce a court order that requires the defendant to act in some defined manner. The defendant then allegedly acts, or refuses to act, in violation of the order. The plaintiff would like the defendant to obey the court order and requests the court to order the defendant to show cause why he should not be held in contempt and sanctioned until he complies."). Indeed, courts unquestionably maintain inherent power to enforce compliance with their lawful orders through civil contempt. *See Shillitani v. United States*, 384 U.S. 364, 370 (1966) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt."); *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) ("Courts have inherent power to enforce compliance with their lawful orders through civil contempt."). The underlying concern giving rise to this contempt power is not merely the disruption of court proceedings but rather the disobedience to orders of the judiciary and abuse of the judicial process. *See Chambers v. NASCO*, 501 U.S. 32, 44 (1991) (citation omitted). Accordingly, civil contempt sanctions are penalties designed to compel future compliance with a court order and are thus considered to be coercive and avoidable through obedience, so such sanctions may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994); *cf. United States v. Roberts*, 858 F.2d 698, 700 (11th Cir. 1988) ("If the contempt order was designed to exert pressure on the recalcitrant party, a device to compel compliance with an earlier court decree, then the proceeding was civil.") (citation omitted).

A party seeking civil contempt must establish by clear and convincing evidence that the purported contemnor violated the court's prior order. *Roberts*, 858 F.2d at 700 (citation omitted); *cf. Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002) ("A finding of civil contempt—willful disregard of the authority of the court—must be supported by clear

and convincing evidence."). Namely, a finding of civil contempt must be supported by clear and convincing evidence demonstrating that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order. *See F.T.C. v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010); *Riccard*, 307 F.3d at 1296. Once the party seeking contempt makes this *prima facie* showing, the burden shifts to the alleged contemnor to produce detailed evidence specifically explaining why he cannot comply, which requires more than a mere assertion of inability to comply. *Roberts*, 858 F.2d at 701; *see Leshin*, 618 F.3d at 1232. Further, the absence of willfulness is not a defense to a charge of civil contempt, nor are substantial, diligent, or good faith efforts enough – the only issue is compliance. *Leshin*, 618 F.3d at 1232.

As detailed above, clear and convincing evidence establishes that the Court's Orders were valid, lawful, and clear and unambiguous and that Defendant could comply with the Orders simply by producing the outstanding discovery in aid of execution. The undersigned provided Defendant with three opportunities to appear before the Court and to provide Plaintiff with the outstanding discovery or show cause why he should not be sanctioned. The undersigned took great care to assure that Defendant received copies of the Court's Orders, but, notwithstanding, Defendant failed to respond, to appear for hearings, or to provide the outstanding discovery to Plaintiff. Despite affording Defendant multiple opportunities to comply with the Court's Orders, to provide Plaintiff with responses to the outstanding discovery, and to be heard as to his reasons for noncompliance, Defendant exhibited a disregard for this Court's Orders and the entire judicial process. Defendant failed to appear for any of the noticed hearings or to produce any evidence explaining why he could not comply with the Court's prior Orders.

Against this backdrop, therefore, the undersigned concludes that Defendant failed to comply with the Court's directives and will continue to do so unless sanctions are imposed. Indeed, as the record reflects, Defendant failed to appear in this action in any capacity. His disregard for judicial decrees and the entire judicial process constitutes good cause for the imposition of severe sanctions. Accordingly, it is recommended that the district judge hold Defendant in civil contempt. Namely, it is recommended that, if Defendant does not provide the outstanding discovery responses within 30 days of the district judge's Order on the instant motion, the district judge incarcerate Defendant until such time as he complies with the Court's Orders directing him to respond to Plaintiff's outstanding discovery requests in aid of execution of the judgment. *See Citronelle-Mobile Gathering*, 943 F.2d at 1304 (stating that a district court has numerous options for the imposition of civil contempt sanctions, including coercive incarceration). After consideration, it is hereby

RECOMMENDED:

1. Plaintiff's Motion for Contempt (Doc. 31) be GRANTED.

2. Defendant be given 30 days from the date of the district judge's Order on the Motion for Contempt to provide responses to the outstanding discovery in aid of execution. If Defendant fails to provide the outstanding discovery responses within the 30-day period, and Plaintiff files a notice indicating such noncompliance at the expiration of that time period, the district judge hold Defendant Scott E. Serneels in contempt by incarcerating Defendant until such time as he provides discovery responses to Plaintiff, and therefore complies with the Court's prior Orders. If, however, Defendant complies within the applicable time period, Plaintiff be directed to file a notice of compliance as expeditiously as possible and no sanctions be issued against Defendant.

3. The U.S. Marshal is directed to serve a copy of this Report and Recommendation upon Defendant Scott E. Serneels at the following address forthwith:

7325 Forbes Road, Zephyrhills, Florida 33540

IT IS SO CERTIFIED and REPORTED in Tampa, Florida, on this 6th day of November, 2017.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

cc:	Hon. James D. Whittemore
	Counsel of Record
	Defendant